UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMETRIUS SHARP,

                              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

DECISION & ORDER

19-CV-0637MWP

**PRELIMINARY STATEMENT**

Plaintiff Demetrius Sharp ("Sharp") brings this action pursuant to Section 205(g) of the Social Security Act , 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income Benefits ("SSI").  Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been assigned to, and the parties have consented to the disposition of this case by, the undersigned.  (Docket # 12).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket ## 8, 10).  For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.  Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and Sharp's motion for judgment on the pleadings is denied.

## **DISCUSSION**

Sharp commenced this federal lawsuit seeking judicial review of the Commissioner's decision on the grounds that the ALJ improperly relied upon the stale opinion of David Brauer ("Brauer"), MD, a state consultant who conducted a physical examination of Sharp on May 18, 2016, and issued an opinion concerning Sharp's physical limitations. (Docket # 8-1 at 9-11). According to Sharp, imaging subsequent to Brauer's evaluation demonstrated that he suffered from a rotator cuff tear in his left shoulder, which was repaired during a surgery conducted in October 2017. (*Id.*). Because Brauer's opinion predated the imaging and surgery, Sharp maintains, reliance upon it was improper. (*Id.*). Sharp also challenges the ALJ's Residual Functional Capacity ("RFC") assessment on the grounds that it was based upon the ALJ's lay opinion because the ALJ did not rely upon any medical opinion assessing Sharp's functional capacity after his shoulder surgery. (*Id.* at 11-16). Finally, Sharp challenges the ALJ's step two finding that his back impairment was not severe. (*Id.* at 16-18).

Although the majority of his brief is devoted to a recitation of the material facts in the record and to his argument that the ALJ's RFC assessment is unsupported because the sole medical opinion to assess his physical limitations was Brauer's pre-surgery opinion, Sharp remarkably fails to acknowledge the existence of a second opinion upon which the ALJ relied. Specifically, state medical consultant J. Quinlan ("Quinlan"), MD, reviewed Sharp's medical history, including records from his surgery and post-operative appointments, and rendered an opinion of Sharp's physical functional limitations. (Docket # 8-1; Tr. 458-71[1]). Indeed, the ALJ explicitly discounted Brauer's opinion in favor of Quinlan's opinion, reasoning that Quinlan had had the opportunity to review the entire medical record, while Brauer's opinion predated Sharp's

---

[1] The administrative transcript (Docket # 6) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

surgery.  On this record, counsel's omission constitutes an inexcusable and misleading oversight, at best.

> In his decision, the ALJ explained:
>
> As for the opinion evidence, the undersigned finds that the opinion of J. Quinlan, M.D., [is] the most persuasive opinion in the record. Dr. Quinlan had the opportunity to review the entire longitudinal medical record . . . .  Accordingly, the undersigned gives the opinion of Dr. Quinlan the most weight. . . .
>
> \*   \*   \*
>
> In terms of Dr. Brauer's opinion, . . . [t]he undersigned gives his opinion partial weight. . . .  [H]is opinion is remote in time, as it is more than two years old, and does not address the claimant's subsequent arthroscopic surgery of his left upper extremity or treatment from specialists.  Thus, the undersigned considered the additional evidence submitted after Dr. Brauer's examination and the claimant's subjective complaints in providing the additional reaching limitations set forth in the [RFC].

(Tr. 99).  In other words, the ALJ acknowledged the shortcomings of Brauer's opinion and the need for post-surgery evidence and evaluation, and afforded Quinlan's opinion substantially more weight than Brauer's.  Sharp seeks to persuade this Court to vacate the ALJ's assessment of Brauer's opinion for the very reasons that the ALJ determined it should be afforded only partial weight in favor of Quinlan's opinion.

Even though the Commissioner's responsive briefing highlights the existence of Quinlan's opinion and the ALJ's explicit reliance upon it, Sharp's reply memorandum fails to acknowledge or explain his striking omission of either.  (Docket ## 10-1, 11).  Rather, Sharp argues that because Quinlan was a non-examining consultant his opinion could not be relied upon by the ALJ in support of the RFC.  (Docket # 11).  As an initial matter, the Court need not consider arguments raised for the first time in reply papers.  *See Jones v. Astrue*, 2013 WL

3

802778, *5 (E.D.N.Y.2013) (claimant's argument procedurally deficient when not raised in its opening brief) (collecting cases).

In any event, although some courts have noted that under certain circumstances the opinion of a non-examining physician alone may be insufficient to support an RFC assessment, *see*, *e.g.*, *Majdandzic v. Comm'r of Soc. Sec.*, 2018 WL 5112273, *6 (W.D.N.Y. 2018) ("[d]istrict [c]ourts in this Circuit have stated, as a general proposition, that while reports from nonexamining consultants are entitled to some evidentiary weight, they cannot constitute substantial evidence"), those circumstances are not present in this case. Rather, the ALJ's decision makes clear that the RFC was based upon a review of the entire record, including both Quinlan's and Brauer's opinions (Quinlan's opinion itself was based on his review of the entire record), Sharp's subjective complaints, medical records documenting Sharp's improvement with pain and range of motion subsequent to his surgery, and his lack of consistent treatment. (Tr. 100). *See Majdandzic v. Comm'r of Soc. Sec.*, 2018 WL 5112273 at *6 ("as explained above, the ALJ did not rely on [the non-examining physician's opinion] as sole support for her RFC determination[;] . . . the ALJ also evaluated [the examining physician's opinion], and incorporated many of her findings into the RFC assessment, and she considered the medical evidence and [plaintiff's] testimony and credibility"); *see also Camille v. Colvin*, 652 F. App'x 25 (2d Cir. 2016) (summary order) (citing *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) ("[t]he regulations . . . permit the opinions of nonexamining sources to override treating sources' opinions provided they are supported by evidence in the record")); *Maleski v. Comm'r of Soc. Sec.*, 2020 WL 210064, *4 (W.D.N.Y. 2020) ("[i]t is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability[;] . . .

[t]he opinion of a non-examining source may override that of an examining source, even a treating source, provided the opinion is supported by evidence in the record"); *Rose o/b/o X.G.T.A. v. Berryhill*, 2019 WL 2453352, *3 (S.D.N.Y.) ("when supported by evidence in the record, the opinion of a nonexamining physician can also constitute substantial evidence"), *report and recommendation adopted by*, 2019 WL 2498279 (S.D.N.Y. 2019); *Cheatham v. Comm'r of Soc. Sec.*, 2018 WL 5809937, *6 (W.D.N.Y. 2018) ("[n]on-examining medical consultants . . . may provide opinions which constitute substantial evidence"); *Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018) ("[u]nder the regulations, the ALJ was permitted to consider the opinion [of the non-examining physician] in making a disability determination[;] . . . [m]oreover, the opinion of a non-examining medical expert . . . may be considered substantial evidence if consistent with the record as a whole").

In sum, the manner in which Sharp's counsel has litigated this appeal raises substantial concern:  first, her opening brief misleadingly omits any reference to Quinlan's opinion and the fact that the ALJ explicitly relied upon it and afforded it greater weight than Brauer's pre-surgery opinion, while at the same time contending that the ALJ improperly relied upon Brauer's opinion; and, second, her reply brief fails to explain her misleading omission of any mention of Quinlan's opinion, while at the same time advancing a general legal proposition that is inapplicable to the circumstances of this case.  Of course, counsel has a professional responsibility to ensure that any filing is supported by at least a colorable basis.  The need to exercise due care is especially important in the context of social security appeals, the unprecedented volume of which already taxes the resources of the judges of this court.  Those

resources can ill afford to be wasted on appeals that ignore or are flatly contradicted by salient record evidence.[2]

I have considered Sharp's remaining contentions and find them to be without merit. Any error by the ALJ at step two in finding Sharp's back impairment to be non-severe was harmless because the ALJ proceeded through the sequential evaluation and explicitly considered Sharp's back impairments during the subsequent analysis. *London v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 96, 106-07 (W.D.N.Y. 2018). As noted by the ALJ, Quinlan explicitly considered Sharp's back impairment in rendering his opinion and still concluded that Sharp was capable of performing "a range of light exertion basic work activities." (Tr. 99).

## CONCLUSION

This Court finds that the Commissioner's denial of SSI was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed. For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 10)** is **GRANTED**. Sharp's motion for judgment on the pleadings **(Docket # 8)** is **DENIED**, and Sharp's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                    *s/Marian W. Payson*
                    MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       June 23, 2020

---

[2] The Commissioner has not requested sanctions, and the Court will not impose them *sua sponte*. Counsel is cautioned, however, that this Court will not hesitate to consider sanctions for similar conduct in the future.